# Baldwin Township *v.* Baltimore & Ohio Railroad Company, Appellant.

*Railroads—Road law—Change of public road by railroad—Equity—Injunction.*

A railroad company was engaged in relocating its road. The change in its location involved the occupying of a portion of a public road with its tracks, the closing of an established grade crossing, the substituting of a new one about five hundred feet from the old and the construction of a new road between the old and new crossings. The trial court held that the new road would be more dangerous than the old road and that the new location was not the most favorable that could reasonably be secured and granted a preliminary injunction to restrain the railroad company from making the changes. *Held,* to be error and that the case was not one for preliminary injunction.

Argued Nov. 3, 1904. Appeal, No. 9, Oct. T., 1904, by defendant from decree of C. P. No. 2, Allegheny County, Oct. T., 1904, No. 1816, granting a preliminary injunction in case of Baldwin Township v. Baltimore & Ohio Railroad Co. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Bill in equity to restrain the defendant railroad company from encroaching upon and changing the location of a public road.

The facts appear by the opinion of the court below, FRAZER, P. J., which was as follows:

The bill in this case seeks to restrain defendant railroad company from interfering at two points with a public road in plaintiff township, known as Streets Run road. The first point complained of is at Rand station. At this point the railroad company is taking and occupying with its tracks a portion of the township road, and is relocating the road by moving it towards the creek. At this place it appears the only change when the improvement is completed will be the removal of the road a few feet east from its present location, and the testimony of the railroad engineers is to the effect that the road when finished will be fully as wide and perfect as it was before the change. The new location not being any more unfavorable than the old, the injunction heretofore granted should be modified, and to the extent that it applies to the work at this point should be dissolved.

The other point of controversy is near Willock station, the change there involving the occupying of a portion of a public road by the railroad company's tracks, the closing of an established grade crossing, the substituting of a new one about five hundred feet distant and the construction of a new road between the old and new crossings. The road proposed to be constructed in lieu of the one taken lies between a siding which adjoins the main tracks of defendant company and the bank of Streets Run, which at this point is from ten to twelve feet above the bed of the creek, and in our opinion would be more dangerous than the old road, both on account of the shifting of cars on the siding and their obstructing a view of the tracks at and below the crossing. From the testimony now before us we are not satisfied that the new location at this point is the "most favorable" that can reasonably be secured. This being an important road and considerably traveled, we are of opinion this case should be fully heard before determining definitely whether a perpetual injunction should be issued restraining defendants from making the changes proposed at Willock, and that in the meantime matters should remain in statu quo. Perhaps before the final hearing the parties can agree on a new location which will obviate the danger which now seems apparent from the present proposed new location.

The court entered a decree continuing the injunction restraining the defendants from changing or interfering with the changed road at or near Willock station until further order of the court.

*Error assigned*, among others, was the decree continuing the preliminary injunction.

*John S. Wendt*, with him *Johns McCleave*, for appellant, cited: Penna. R. R. Co.'s App., 128 Pa. 509 ; Appeal of the Township of North Manheim, 22 W. N. C. 149 ; Parke's App., 64 Pa. 137 ; Railroad Co. v. Young, 33 Pa. 175 ; Pittsburg, etc., Ry. Co. v. Commonwealth, 101 Pa. 192 ; Brown's App., 62 Pa. 17 ; Phila's App., 78 Pa. 33 ; Minnig's App., 82 Pa. 373.

*William B. Rodgers*, with him *H. M. Stilley*, for appellee.

PER CURIAM, November 4, 1904 :

The court is of opinion that this is not a case for preliminary injunction.

Decree reversed and injunction dissolved.